UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                CASE NO. 1:19-CR-00308-AT-RGV-3

QUANTAVIUS FOSTER,

    Defendant.

**MOTION TO COMPEL IDENTIFICATION OF EYEWITNESSES**

NOW COMES, the Defendant, by and through his attorney, and moves this Honorable Court to order the United States to identify by name and address any and all individuals who were eyewitnesses to the contact that the Defendant had with any witnesses, including the date or dates and time or times at which such identifications were made, the manner in which such identifications were made, the relationship between the eyewitness and the Defendant, if any, the relationship between the eyewitness and the co-defendants, if any, and the date or dates on which said eyewitness identification information was communicated to investigative agencies.

This Motion is based upon the following considerations:

1.

The Defendant is charged with possession with the intent to distribute a mixture containing methamphetamine, a Schedule II controlled substance, and amphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. 841 and 18 U.S.C. 2.

2

The Defendant has reason to believe that the United States intends to introduce testimony of one or more eyewitnesses who allegedly saw the Defendant in the company of any of the alleged codefendants.

3.

The Defendant has reason to believe that identification will be a vital issue in the trial of the case.

4.

It is essential to the achievement of a fair trial that identifications resulting from tainted procedures be excluded from evidence.

5.

Due process entitles an accused protection against the introduction of evidence elicited from unnecessarily suggestive photographic displays or from unreliable identifications.

6.

The only full and fair way to explore the taint is through a pre-trial hearing on the admissibility of identification testimony.

7.

An evaluation of identification procedures is not possible without knowledge of the alleged eyewitnesses and facts related to their identification.

WHEREFORE, based upon the reasons set forth above and in the interests of fair trial and justice, the Defendant urges this Court to compel the United States to provide him with the names and addresses of any and all eyewitnesses to any contact that the Defendant had with any witnesses, and all accompanying relevant facts.

This 29TH day of October, 2021.

/s/ Alexander Repasky
Alexander J. Repasky
Attorney for Defendant
Georgia Bar No. 601050

4880 Lower Roswell Road
Suite 165
Marietta, Georgia  30068
(770) 912-4016
alexrepasky@aol.com

CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows: Discussions with the Assistant United States District Attorney.

/s/ Alexander Repasky
Alexander J. Repasky
Attorney for Defendant